*146 To THE PETITION OP COUNSEL POR APPELLANTS FOR A REHEARING,
JUDGE PRYOR
delivered the following response op the COURT.
A careful consideration of the facts of this case a second time, upon the petition for a rehearing, only confirms the court as to the correctness of the conclusion reached in the opinion rendered. Counsel, in their petition for a rehearing, misconceive the ground upon which the opinion is made to rest. It is not conceded by this court that the loss of the shareholders resulted from the negligence of the directors; but, on the contrary, that they acted in the best of faith, and in supervising the affairs of the bank exercised at least ordinary diligence, and acted as ordinarily prudent men would have acted under like circumstances, or with reference to their own business transactions.
The loss of the shareholders resulted from the fraud of Cardwell the cashier, practiced in such a manner as to deceive the most skillful accountant. Cardwell’s business qualifications entitled him to the place, and his character for integrity recommended him to the directors and stockholders as the person to whom they could confide the management and control of their banking institution. They were not the insurers of Cardwell's honesty, and when exercising ordinary diligence with reference to the affairs of the bank, they were discharging all the duties that could be required of them by the shareholders.
In the case before us we have settled the .rule regulating the liability of directors to stockholders, and not to strangers or third parties, and have said in the opinion rendered that “the appellants do not attempt to establish by proof that the directors had fraudulently or wrongfully misapplied the funds of the bank for their own use, or that they connived at the wrongful acts of the cashier, and the sole question is the degree of care required of these officers in supervising and controlling the affairs of that institution.”
*147 Fraud or a willful neglect of duty must be shown, or, in other words, bad faith or gross negligence must iappear in order to fix the liability. This has not been done in the case being considered; but, on the contrary, all the facts conduce to show that the directors acted in the management of the bank as ordinarily prudent men would have acted in reference to their own affairs; and trusting their cashier, in whom they had the right to repose the utmost confidence, were deceived by a systematic and ingenious statement of false accounts calculated to mislead the most skillful in bank transactions. Under such circumstances the directors can not and ought not to be held responsible.
The petition for a rehearing is overruled.